In re Albert J. WEGNER, Margie A. Wegner, Debtors.

Gregory G. MURPHY, Trustee, Plaintiff,

v.

William C. GRIFFEL, Defendant.

Bankruptcy No. 485–00002.
Adv. No. 485/0026.

United States Bankruptcy Court, D. Montana.

March 17, 1988.

Robert C. Smith, Billings, Mont., for defendant.

Gregory G. Murphy, Billings, Mont., trustee.

Douglas James, Billings, Mont., for trustee.

Stephen C. Mackey, Billings, Mont., for creditor.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

After reversal of this case by the Ninth Circuit Court of Appeals, *Griffel v. Murphy*, 839 F.2d 533, (1988), the Trustee, over objection of Griffel, moved to amend the Judgment of May 13, 1986, to reduce the Judgement to $17,839.00. The Ninth Circuit reversed the decision of this Court and remanded for disposition in accordance with its ruling. The basis of the Trustee's motion is that under the Ninth Circuit decision the preference of $17,839.01 paid by checks to Griffel shortly before bankruptcy was not reversed, and is a separate and distinct issue from the executory contract issue addressed by the Court in its decision of January 28, 1988. Griffel responds that the Ninth Circuit decision also decided the preference issue concerning the payment of $17,839.00, because the Court stated:

"The Trustee filed an adversary complaint to void two preferences. The first was the transfer of the debtor's interest in cattle and machinery to appellant in December 1984. The second is the payment of $17,839.01 the debtor made on December 10, 1984. The bankruptcy court found that because the contract for sale of cattle and machinery was not an executory contract, *both* transfers in question were preferential under section 547 of the Code. Therefore, the Court ordered appellants to surrender cash (representing the checks and sale proceeds of some cattle), the remaining cattle, and the farm equipment. The issue we must decide is whether BAP erred when it concluded that the contract for sale and purchase of personal property between debtor and appellant was not an executory contract and that the *transfers* in question were preferential under 11 U.S.C. § 547." (Emphasis supplied). At 535–36.

The Circuit Court concluded:

"We hold that the contract is in fact executory.

\* \* \* \* \* \*

The last issue to be determined is whether the sales agreement was terminated prior to January 3, 1985, the date on which debtor filed for bankruptcy. If so, the property would have automatically reverted back to appellant, leaving debtor, and thus also the trustee in bankruptcy, with no interest in the property. Since the bankruptcy court held that the 1982 sales agreement was not an executory contract, it did not determine whether the sales agreement terminated prior to the date debtor filed for bankruptcy.

\* \* \* \* \* \*

To implement our conclusion that the contract was executory, we hold as a matter of law that the return of possession [by debtor] effectuated a termination of the contract [on December 12, 1984]. By that time, the debtor had written appellant expressing his inability to continue to fulfill his purchase obligations, returned the cattle and equipment to appellant's possession, and signed over three checks representing proceeds of sale of certain cull cows. \* \* \*

\* \* \* \* \* \*

Based upon the finding of facts made by the bankruptcy court, we find that the debtor intended to abandon or cancel the contract as of December 10, 1984, and that appellant accepted the rescission and received possession of the cattle and equipment on December 12, 1984.[1] Thus, the contract was effectively terminated by the mutual consent of the parties as of that date. Since we have

---

1. No mention is made of the payment of $17,839.01, which had occurred two days before.

found that the contract was duly terminated before debtor filed bankruptcy, the trustee has no interest in the *collateral* covered by the contract." (Emphasis supplied).

I concur with Griffel that the term collateral as used by the Ninth Circuit includes the $17,839.01. The Court obviously believed that once the contract was terminated by the parties pre-petition, no preference could occur, even though, as the Trustee points out in his brief, the payment of $17,839.01 satisfies each and every preference element under § 547(b) as I held in the case. *In Re Wegner*, 61 B.R. 414 at 422. Regardless of my contrary holding regarding the $17,839.01, to which I still adhere, I am bound by the clear holding of the Ninth Circuit decision, which certainly means the term collateral includes the $17,839.01, particularly in view of the discussion by the Court that the preferential transfer of *both* transfers were based on an executory contract. Had the trustee any question about the holding, he should have asked for reconsideration of the Circuit Court decision and let that Court explain, if it so chose to do so, why the payment of $17,839.01 was not a preference.[2]

IT IS ORDERED the motion of the Trustee to amend the Judgment is denied and this cause is dismissed.

---

**2.** I agree with the Trustee that payment of $17,839.01 is a preference wholly separate and apart from any issue dealing with an executory contract. Indeed, under the facts found by this Court and the Circuit Court, those payments were made before the contract was effectively terminated on December 12, 1984. The holding of the Court appears contrary to the decision of the Ninth Circuit in *In re Wind Power Systems, Inc.*, 841 F.2d 288 (1988), where the Court defined a preference exactly in the manner as did this Court.